UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF PROFESSIONAL OBSERVERS<br>523 Sunnyside Drive<br>Eugene, OR 97404<br><br>Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF COMMERCE,<br>NATIONAL OCEANIC AND ATMOSPHERIC<br>ADMINISTRATION<br>Room 5875<br>14th and Constitution Ave, NW<br>Washington, D.C. 20230<br><br>Defendant. | Civil Action #  10-0921 (JDB)<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service ("DOC") to disclose records wrongfully withheld after a FOIA request and subsequent appeal from Plaintiff. FOIA requires that federal agencies respond to public requests for documents, including files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

1

2. Plaintiff's FOIA request sought records that reflect on issues pertaining to the agency's guidelines and rules for NMFS staff regarding public access to fisheries observer data. Specifically, Plaintiff sought "Written guidelines and/or rules given to the staff of each National Marine Fisheries Service Observer Program and the National Observer Program with regard to public access to fisheries observer data and information. We request these guidelines and/or rules from the following time frames and should include any updates sent to observer program staff regarding any clarification of the guidelines and/or rules: (1) Prior to 1993, (2) 1993-2006 and (3) 2007 until present."

3. The sought records are a matter of public concern because they will shed light upon the agency's policy of making fisheries observer data and information available to the public.

4. Plaintiff Association of Professional Observers ("Plaintiff") is a non-profit non-governmental organization whose mission is to strengthen observer programs through advocacy and education. Plaintiff's members are experts in marine mammal and commercial fisheries observer programs. Plaintiff's goal is to facilitate the exchange of fisheries information while providing an important source of fisheries observer program and fisheries observer data use information. Plaintiff requested the subject records in order to improve the public's understanding of the operation of the National Marine Fisheries Service.

5. On December 25, 2009, Plaintiff submitted a FOIA request (# 2010-00126) to the NMFS. On January 5, 2010, NMFS acknowledged receipt of the request. On January 13, 2010, NMFS called Plaintiff in order to schedule a conference call to clarify issues associated

2

with the request. On January 26, 2010, a conference call was held in which Plaintiff agreed to narrow the scope of the request to "1990-2006, and 2007-present", which was reflected in an e-mail to NOAA on January 27, 2010 (addressed to Chris Rilling). On February 23, 2010, NMFS sent Plaintiff a response to the request, denying the requested fee waiver for "historical records prior to the Magnuson-Stevens Reauthorization Act [of 2006] that concern guidelines and/or rules for public access to fisheries observer data and information." NMFS did provide to Plaintiff information on NMFS's "current" guidelines and rules in two memos dated March 14, 2008 and July 2, 2009.

6. Plaintiff appealed the partial fee waiver denial on March 20, 2010. On March 22, 2010, NMFS acknowledged receipt of the appeal. To date, Plaintiff has not received a response to its appeal.

7. NMFS's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. NMFS's conduct frustrates Plaintiff's efforts to educate the public regarding access to fisheries observer data and is a violation of the FOIA and the Administrative Procedures Act (APA).

8. Plaintiff seeks a court order requiring NMFS to grant a fee waiver for the "historical documents" and produce immediately any responsive documents sought under the January 27, 2010 revised FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

11. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

12. Venue is properly vested in this Court pursuant to 5 U.S.C. § 552(a)(4)(B). Venue is also proper under 28 U.S.C. § 1391(e), because a substantial part of the events and omissions which gave rise to this action occurred in this district.

## PARTIES

13. Plaintiff Association for Professional Observers is a non-profit organization organized under Internal Revenue Code § 501(c)(5), with its headquarters office located in Seattle, Washington.

14. Defendant DOC, NMFS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of federal law.

## **STATEMENT OF FACTS**

15. The Commerce Department's National Marine Fisheries Service is vested with the power of overseeing the nation's living marine resources, ecosystems, and fisheries.

16. On December 25, 2009, Plaintiff filed a FOIA request with the NMFS (Request # 2010-00126), seeking the agency's past and present guidelines and rules for NMFS staff regarding public access to fisheries observer data. Specifically, Plaintiff sought "written guidelines and/or rules given to the staff of each National Marine Fisheries Service Observer Program and the National Observer Program with regard to public access to fisheries observer data and information. We request these guidelines and/or rules from the following time frames and should include any updates sent to observer program staff regarding any clarification of the guidelines and/or rules: (1) Prior to 1993, (2) 1993-2006 and (3) 2007 until present."

17. On January 5, 2010, NMFS acknowledged receipt of Plaintiff's FOIA request.

18. On January 13, NMFS called Plaintiff in order to schedule a conference call to clarify issues associated with the request. On January 26, 2010, a conference call was held in which Plaintiff agreed to narrow the scope of the request to " (1) 1990-2006 and (2) 2007-present." This conversation was reflected in an e-mail to Chris Rillings on January 27, 2010.

19. On February 23, 2010, NMFS sent Plaintiff a response to the revised FOIA request, denying the fee waiver for "historical records prior to the Magnuson-Stevens Reauthorization Act [of 2006] that concern guidelines and/or rules for public access to

fisheries observer data and information." In response to the "current" guidelines request, however, NMFS waived the associated fees and provided two responsive documents and a website: namely, NAO 216-100 (http://www.corporateservices,noaa.gov/~amesINAOs/Chap 216/naos 216 100.html) and two guidance memos sent to staff pertaining to new observer data confidentiality requirements under the Magnuson-Stevens Reauthorization Act (2006).

20. On March 19, 2010, Plaintiff filed an administrative appeal based on the fee waiver denial for historical records. In the appeal, Plaintiff explained why the historical information sought in the FOIA request was in the public's interest, thus justifying a fee waiver. Specifically, Plaintiff argued that as the historical records requested are relevant to establishing overall consistency and trends in fisheries observer program policies, it is in the interest of stakeholders to know who may have had prior access to observer data and who may have had a more difficult time gaining access to the data, and to know how this varied from region to region in relation to current NMFS guidelines. Likewise, Plaintiff argued it is in the general public's interest to know how historical access to observer data and information resulted in confidentiality problems for certain stakeholders and/or NOAA, and how this evolved into the currently more restrictive language of the MSRA.

21. On March 22, 2010, NMFS acknowledged receipt of the appeal.

22. To date, NMFS has neither responded to the fee waiver appeal nor provided the requested documents in response to Plaintiff's March 20, 2010, appeal. In so doing, Defendant has

failed to meet the twenty (20) day limit imposed by FOIA for responding to an appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

23. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for its FOIA request, and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

24. On January 21, 2009 President Barack Obama issued an Executive Memo declaring the following policy: "The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears….All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA."

25. On March 19, 2009 Attorney General Eric Holder issued new comprehensive FOIA guidelines directing all executive branch departments and agencies to apply a presumption of openness when administering the FOIA. The Attorney General stated that "by restoring the presumption of disclosure that is at the heart of the Freedom of Information Act, we are making a critical change that will restore the public's ability to access information in a timely manner. The American people have the right to

information about their government's activities, and these new guidelines will ensure they are able to obtain that information under principles of openness and transparency."

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

26. Plaintiff repeats the allegations in paragraphs 1 through 25.

27. Defendant's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

28. NMFS wrongfully denied Plaintiff's fee waiver request for "historical documents".

29. NMFS failed to respond to Plaintiff's administrative appeal regarding the partial fee waiver denial.

### Count II: Violation of the Administrative Procedure Act

30. Plaintiff repeats the allegations in paragraphs 1 through 25.

31. Defendant's failure to grant a full fee waiver, respond to Plaintiff's appeal, and disclose documents responsive to Plaintiff's request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. Defendant's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

i. Enter an Order declaring that Defendant has wrongfully withheld the requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents and ;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, APA and every order of this Court;

iv. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated:  June 4, 2010

Respectfully submitted,

/s/ Paula Dinerstein

Paula Dinerstein
DC Bar No. 333971
Senior Counsel
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337

Counsel for Plaintiff